Donald L. **CREATORE** and Knights of Columbus Council No. 2961, Plaintiffs–Appellants,

v.

The **TOWN OF TRUMBULL**, Connecticut, and David A. Wilson, Trumbull First Selectman, Defendants–Appellees.

**Docket No. 94–9297.**

United States Court of Appeals, Second Circuit.

Oct. 17, 1995.

Pat A. Cipollone, Kirkland & Ellis, Washington, DC (Kevin J. Hasson, The Becket Fund for Religious Liberty, Washington, DC,

John Knott, Cheshire, CT, of counsel), for Plaintiffs–Appellants.

Martin B. Margulies, Quinnipiac College School of Law, Bridgeport, CT, (Arthur Hiller, Gordon & Hiller, Bridgeport, CT, of counsel), for Defendants–Appellees.

Before: VAN GRAAFEILAND, WALKER, and CABRANES, Circuit Judges.

PER CURIAM:

For sixteen years prior to 1994, a Christmas tree and a menorah have been placed on the Town Green of Trumbull, Connecticut (the "Town") during the holiday season. The tree was a permanent part of the Green and was decorated by the Town, although a private group had participated in the lighting celebration. The menorah, on the other hand, was set up by a private group.

In November 1993, the plaintiffs-appellants, Donald Creatore and the Knights of Columbus Council No. 2961, first sought permission from the Town to erect a crèche on the Green. The Town, through appellee David A. Wilson, the Town's First Selectman, denied the appellants' application. Early in 1994, the appellants renewed their application, and on May 9, Wilson responded that he had no objections to the placement of the crèche on the Green, as long as the appellants submitted proper plans. The appellants obtained approval of their plans from the Town and prepared to place their crèche on the Green on December 17. On Wednesday, December 14, however, Wilson informed the appellants that the Town was revoking their permit because the crèche would impermissibly communicate a religious message. Two days later the appellants filed a complaint in the United States District Court for the District of Connecticut and also filed a motion for a temporary restraining order and a preliminary injunction ordering the appellees to allow the crèche to be placed on the Green.

On December 20, the district court (Alan H. Nevas, *District Judge*) denied the appellants' motion, citing this circuit's previous decisions in *Chabad–Lubavitch of Vermont v. City of Burlington*, 936 F.2d 109 (2d Cir. 1991), *cert. denied*, 505 U.S. 1218, 112 S.Ct.

3026, 120 L.Ed.2d 897 (1992), and *Kaplan v. City of Burlington*, 891 F.2d 1024 (2d Cir. 1989), *cert. denied*, 496 U.S. 926, 110 S.Ct. 2619, 110 L.Ed.2d 640 (1990). In *Kaplan*, we held that the erection of a menorah in a park adjoining the city hall in Burlington, Vermont would violate the Establishment Clause. 891 F.2d at 1028. The court reasoned that the Supreme Court's decision in *County of Allegheny v. ACLU, Greater Pittsburgh Chapter*, 492 U.S. 573, 109 S.Ct. 3086, 106 L.Ed.2d 472 (1989), barred a religious display on government property when the display would convey "a message of government endorsement of religion." *Kaplan*, 891 F.2d at 1028. In *Chabad–Lubavitch*, we reaffirmed the holding in *Kaplan*, stating that the law had not changed in the two years since that decision. *Chabad–Lubavitch*, 936 F.2d at 111–12. As the district court noted, adherence to these cases seemed to forbid the erection of the crèche on the Green. *Creatore v. Town of Trumbull*, 871 F.Supp. 119, 123 (D.Conn.1994).

On December 21, appellants appealed to this court and filed a motion for an emergency injunction pending appeal and an expedited appeal. The same day, we denied the motion, expedited the appeal, and affirmed the order of the district court. *Creatore v. Town of Trumbull*, 67 F.3d 290 (2d Cir.1994) (table). Appellants then sought a writ of certiorari from the Supreme Court. On June 29, 1995, the Supreme Court granted the petition, vacated the judgment of this court, and remanded the case to us for further consideration in light of its decision in *Capitol Square Review & Advisory Board v. Pinette*, — U.S. —, 115 S.Ct. 2440, 132 L.Ed.2d 650 (1995). *See Knights of Columbus Council No. 2961 v. Town of Trumbull*, — U.S. —, 115 S.Ct. 2637, 132 L.Ed.2d 876 (1995).

*Capitol Square* arose out of an application by the Ohio chapter of the Ku Klux Klan ("KKK") to erect a cross in a state-owned plaza surrounding the Ohio Statehouse. The board which oversees the plaza denied the application in an effort to avoid a constitutional violation. The KKK, through one of its leaders, sought and obtained injunctive relief in a federal district court in Ohio, and the Sixth Circuit affirmed. *See Capitol Square*, — U.S. at —, 115 S.Ct. at 2445.

The Supreme Court affirmed the Sixth Circuit's decision, but no opinion received a majority of votes. Justice Scalia announced the Court's judgment and delivered the Court's opinion as to Parts I, II, and III, reaffirming that compliance with the Establishment Clause is a sufficiently compelling interest to justify a content-based speech restriction. *Id.* at ——, 115 S.Ct. at 2446. Only three other justices, though, joined Part IV of Justice Scalia's opinion, which rejected the application of the "endorsement test" of *Allegheny County* in this context and stated that religious expression in a public forum could not violate the Establishment Clause when it is purely private. *Id.* at ——, 115 S.Ct. at 2450 (Scalia, J.).

Since the outcome of *Capitol Square* turned on the factors articulated by Justices O'Connor and Souter, we believe that the lower courts must be guided by their concurring opinions. *Cf. American Jewish Congress v. City of Beverly Hills,* 65 F.3d 1539, 1544–45 (9th Cir.1995); *Kaplan,* 891 F.2d at 1028 (analyzing the positions of the justices in *Allegheny County*). Justice O'Connor's opinion emphasized that "the endorsement test necessarily focuses upon the perception of a reasonable, informed observer." *Capitol Square,* —— U.S. at ——, 115 S.Ct. at 2452 (O'Connor, J., concurring in part and concurring in the judgment). Justice O'Connor rejected the dissenting view of Justice Stevens that the test should focus on a casual observer and emphasized that the relevant person "must be deemed aware of the history and context of the community and forum in which the religious display appears." *Id.* at ——, 115 S.Ct. at 2455 (O'Connor, J., concurring in part and concurring in the judgment).

Justice Souter addressed the application of the endorsement test to the facts of *Capitol Square.* In particular, Justice Souter stated that under the endorsement test, the review board "was required to find its most 'narrowly drawn' alternative." *Id.* at ——, 115 S.Ct. at 2461 (Souter, J., concurring in part and concurring in the judgment). Justice Souter noted that there were two alternatives to an outright ban that would have been more appropriate: 1) a visible disclaimer that the cross was erected without government support or 2) a restriction of all private, unattended displays to one part of the plaza marked with a permanent disclaimer. *Id.* at —— – ——, 115 S.Ct. at 2461–62 (Souter, J., concurring in part and concurring in the judgment).

Although the views expressed in the concurring opinions of Justices O'Connor and Souter are clear, we are uncertain as to their application to this case. As we noted above, this case was first filed in the district court just five days before the judgment of this court was rendered, and the factual record has not been fully developed. For instance, we do not know whether the appellees ever considered requiring the erection of a disclaimer sign along with the crèche, or whether such a sign would even be necessary. *See Creatore,* 871 F.Supp. at 121, 123. Because the district court is better situated to decide these issues and to determine what, if any, restrictions should be placed on the display of the crèche, we return the case to that court.

The order of the district court is hereby vacated and the case is remanded for further consideration in light of this opinion.